**NORTON ROSE FULBRIGHT US LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Andrew Rosenblatt
Francisco Vazquez

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                          :
                                               :
MADISON ASSET LLC,                             :   In a Case Under Chapter 15
                                               :   of the Bankruptcy Code
                                               :
Debtor in a Foreign Proceeding.                :   Case No. 18-
------------------------------------------------------------ x
```

## VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

Martin Nicholas John Trott and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "Petitioners") of Madison Asset LLC (in Official Liquidation) (the "Company") and as the duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), through their United States counsel, Norton Rose Fulbright US LLP, respectfully submit this verified petition (the "Verified Petition") seeking recognition of a foreign main proceeding. In support thereof, the Petitioners respectfully state as follows:

### PRELIMINARY STATEMENT

1.      The Petitioners, as foreign representatives of the Company, commenced this Chapter 15 case by filing a petition (the "Petition") contemporaneously with, and accompanied by, all certifications, statements, lists and documents required under Chapter 15 and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). As set forth below and in (i) the

Declaration of Marc Kish, Cayman Islands legal counsel to the Petitioners, dated September 14, 2018 (the "Kish Declaration") and (ii) the Memorandum of Law in Support of the Verified Petition:

(a)    a foreign proceeding respecting the Company was duly commenced in the Cayman Islands;

(b)    the Company's registered office is R&H Trust Co, Ltd., PO Box 897, Windward 1, Regatta Office Park, Grand Cayman, KY1-1103, Cayman Islands;

(c)    the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code;

(d)    the Petitioners are duly authorized to serve as the foreign representatives and to petition for relief under Chapter 15 of the Bankruptcy Code in connection with the proceeding respecting the Company pending in the Cayman Islands; and

(e)    the Petitioners are entitled to the relief requested.

2.    The Petitioners seek recognition of the Company's liquidation proceeding (the "Cayman Proceeding"), commenced by the filing of a winding up petition in accordance with Part V of the Cayman Islands Companies Law (the "Companies Law") with the Grand Court of the Cayman Islands (the "Cayman Court").[1]    On July 4, 2018, pursuant to an order of the Cayman Court (the "Winding Up Order"), a copy of which is annexed hereto as Exhibit "A," Mr. Trott was appointed as the Official Liquidator of the Company.    Thereafter, by order dated August 17, 2018 (the "August 17 Order"), a copy of which is annexed hereto as Exhibit "B," Mr. Smith was appointed as the Joint Official Liquidator of the Company.    As the Joint Official Liquidators of the Company, the Petitioners are responsible for, *inter alia*: (i) investigating the

---

[1]    The Cayman Proceeding is governed by the Companies Law, as supplemented by, among other things, detailed rules governing the practice and procedure for insolvencies of companies that are set out in the Company Winding Up Rules 2018 (as revised) (the "CWR").

events leading to the Company's failure; (ii) taking possession of and collecting the Company's assets; and (iii) realizing and distributing the Company's assets to its creditors. The Petitioners, by virtue of their appointment by the Cayman Court, are subject to the supervision and oversight of the Cayman Court with respect to the performance of their duties.

3.      Pursuant to an order dated September 5, 2018 (the "September 5 Order"), a copy of which is annexed hereto as Exhibit "C," the Cayman Court expressly authorized the Petitioners to seek recognition of the Cayman Proceeding under Chapter 15 of the Bankruptcy Code. Hence, the Petitioners have commenced this Chapter 15 case and seek an order substantially in the form of the proposed Order Granting Recognition of a Foreign Main Proceeding attached hereto as Exhibit "D" (the "Proposed Order"). In particular, the Petitioners are requesting all relief afforded automatically upon recognition to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code.

4.      There are several reasons the Petitioners are seeking the assistance of this Court and relief under Chapter 15. As discussed in greater detail below, the Petitioners currently possess incomplete information regarding the Company's finances, but are aware that the Company, until recently had, and may still have, assets in the United States in the form of cash and securities held in bank accounts maintained by certain U.S. banks. In furtherance of their duties, the Petitioners have requested information from the banks concerning those accounts. Certain banks, however, have thus far been unwilling to provide the Petitioners with complete information regarding the accounts, especially in the absence of a court order compelling disclosure. In addition, the Company's sole director has not been cooperative and has failed to respond to the Petitioners' requests for information. In addition to lacking information about the Company's business and financial affairs, the Petitioners are concerned that the Company's

director or other entities may seek, or have already sought, to attach, transfer or close the Company's accounts in the U.S. without the Petitioners' consent in violation of Cayman law and to the detriment of the Company's creditors. Moreover, certain parties have brought or threatened litigation against the Company in the United States. Based on the foregoing, and in furtherance of their duties and their investigation, the Petitioners have concluded that they should obtain an order granting recognition to the Cayman Proceeding in the United States. Recognition of the Cayman Proceeding will (i) protect whatever assets the Company has in the United States in order to ensure that they are administered under the auspices of the Cayman Court for the benefit of all creditors and parties in interest, and (ii) allow the Petitioners to seek broad discovery concerning the Company's assets and affairs in the United States.[2]

5.      The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code. In addition, the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code, because it has property in the United States, in the form of an undrawn retainer in a bank account held by the Petitioners' U.S. counsel.[3]

6.      Based on the foregoing and the reasons described herein, the Petitioners are entitled to an order granting recognition to the Cayman Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code.

---

[2]    Upon recognition of the Cayman Proceeding, the Petitioners anticipate that they will seek discovery from certain parties, including certain banks with whom the Company has or has had accounts in the United States, under section 1521 of the Bankruptcy Code.

[3]    In addition to the undrawn retainer, the Company may have cash and securities held in banks in the United States. The Petitioners have been informed that certain accounts in the Company's name were recently closed, and the Petitioners intend to seek discovery in order to ascertain if other accounts exist and remain open.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, Loretta C.J.), dated January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

8.    Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

### I.    The Company and its Business

9.    The Company is an exempted limited company incorporated under the laws of the Cayman Islands with its registered office at R&H Trust Co., Ltd., PO Box 897, Windward 1, Regatta Office Park, Grand Cayman, KY1-1103, Cayman Islands.

10.    The Company is an independent investment advisor, and it is registered as an Excluded Person under Section 5(2) and Schedule 3 of the Securities Investment Business Law (2015 Revision).  The Petitioners understand that the Company did not maintain a physical office in the Cayman Islands or elsewhere.  Prior to entry of the Winding Up Order, the Company provided financial advice to the "Ibero-American" markets, which included countries located in Latin America.

### II.    The Cayman Proceeding and Related Events

####    A.    The Winding Up Petition and the Winding Up Order

11.    The Petitioners understand that in 2015 the Company was engaged to act as a custodian and clearing agent for certain securities held by Westwood Capital Markets S.A. ("Westwood") and Seguros Sucre S.A. ("Seguros," together with Westwood, the "Petitioning

Creditors").[4] According to its arrangement with the Petitioning Creditors, the Company was to remit the interest earned on such securities to Westwood biannually.

12.    It is alleged that as custodian and clearing agent for Westwood in respect of the Bonds, the Company established an account with Deutsche Bank AG, New York ("Deutsche Bank"). Until July 31, 2017, the Company delivered Deutsche Bank account statements for the Bonds to Westwood, and until November 2017, the Company (through Deutsche Bank as its agent/sub-custodian) made interest payments to Westwood.

13.    In November 2017, the Company failed to make the interest payment that was due on the 2025 Bonds to Westwood. The Company also missed the interest payment that was due on the 2024 Bonds in December 2017.

14.    Following three formal demands for the payment of outstanding interest due on the Bonds, the Petitioning Creditors commenced the Cayman Proceedings by filing a petition for a winding up order with the Cayman Court on March 12, 2018 (the "Winding Up Petition").[5]

15.    The hearing on the Winding Up Petition originally scheduled for May 9, 2018 was adjourned to July 4, 2018 to allow the Company, which had filed a reply to the Winding Up Petition, to submit further evidence to the Cayman Court. On July 4, 2018, over the Company's objection, the Cayman Court entered the Winding Up Order pursuant to which the Company was

---

[4]    It is alleged by the Petitioning Creditors that the Company was acting as a custodian and clearing agent for Westwood with respect to Ecuador Global 2024 Bonds with a face value of $6,375,000 (the "2024 Bonds") and Ecuador Global 2025 Bonds with a face value of $2,000,000 (the "2025 Bonds," together with the 2024 Bonds, the "Bonds").

[5]    On December 27, 2017, Westwood served a formal demand on the Company for the payment of the outstanding interest due on the Bonds. Westwood did not receive a response. On February 28, 2018, the Petitioning Creditors made a second demand for the payment of outstanding interest due on the Bonds. The Petitioning Creditors did not receive a response. On March 1, 2018, the Petitioning Creditors made a third and final demand on the Company for the payment of the outstanding interest due on the Bonds. Following this demand, the Company and the Petitioning Creditors agreed to extend the interest payment deadline to March 8, 2018. However, the Company failed to make the interest payment by that date.

placed into liquidation and Mr. Trott was appointed as the Official Liquidator of the Company. Thereafter, the Cayman Court entered the August 17 Order and appointed Mr. Smith, together with Mr. Trott, as the Joint Official Liquidators of the Company. Pursuant to the September 5 Order, the Cayman Court authorized the Petitioners to seek recognition and additional relief under Chapter 15 of the Bankruptcy Code.

B.    The Petitioners' Investigation

16.    Under Section 110 of the Companies Law, the Petitioners, as the Joint Official Liquidators of the Company, have a duty to collect, realize and distribute the assets of the Company to its creditors and if there is a surplus, to equity holders. *See* Kish Declaration ¶¶ 14, 23. In addition, under Section 102 of the Companies Law, the Petitioners are empowered to investigate the affairs of the Company and the causes for the failure of its business. *See* Kish Declaration ¶ 23.

17.    In furtherance of their duties, the Petitioners have made several attempts to contact the sole director of the Company, Mr. Gustavo Trujillo.[6] As of the date of this Verified Petition, Mr. Trujillo has not cooperated with the Petitioners and has failed to provide a statement of the Company's affairs or an affidavit in support thereof in violation of Mr. Trujillo's duties as a director under Cayman law. The Petitioners have also attempted to contact the four known former employees of the Company. To date, none of those former employees have responded to the Petitioners.

18.    Because of the lack of cooperation from Mr. Trujillo and the Company's former employees, the Petitioners lack crucial information regarding the Company's assets and affairs.

---

[6]    Upon information and belief, Mr. Trujillo also holds an ownership interest in Sunset Investments Limited, a company incorporated in England & Wales, which in turn holds all of the shares of the Company.

Indeed, the Petitioners only have copies of the Company's statutory books (e.g., registers) that have been provided to them by the Company's former registered office provider and limited records provided by the Company's former Cayman Islands legal counsel, certain service providers and financial institutions, and the Company's purported creditors.[7] Consequently, the Petitioners have not been able to completely verify the Company's assets and liabilities.

19.    As of the date of this Verified Petition, the Petitioners have identified accounts in the Company's name previously held with Deutsche Bank and Comerica Bank ("Comerica") in the United States.  The Petitioners have, however, not been able to independently verify the continuing existence of these assets or the Company's interest in such assets.[8]

20.    The Petitioners are also aware that other accounts may have been opened in the name of the Company at different financial institution in the United States.  The Petitioners, however, have been unable to determine the existence of such accounts, the Company's interest in any such accounts, and in what capacity, if any, the Company operated such accounts.

C.    <u>Meeting of Creditors</u>

21.    In accordance with the CWR, Mr. Trott, in his capacity as the Official Liquidator of the Company, gave notice of his appointment and the first meeting of creditors to known creditors and to the Company's sole shareholder.  Mr. Trott also published notice of his appointment in the *Cayman Islands Gazette*, which is the official newspaper of the Cayman Island's government, and posted notice on the Company's website.

---

[7]    Several purported creditors of the Company have filed proofs of debt with supporting documentation evidencing monies or financial instruments held by or related to the Company.  To date, the Petitioners have received proofs of debt totaling approximately $45 million from creditors.

[8]    The Petitioners have learned that the Deutsche Bank accounts may have been closed prior to their appointment as Joint Official Liquidators and that the Comerica account(s) may have been closed since their appointment.

22.    Mr. Trott initially scheduled the first meeting of creditors for August 15, 2018. The meeting, however, was adjourned to August 24, 2018 to provide creditors with additional time to make themselves known to the Petitioners and attend the meeting of creditors in the Cayman Islands.    The key objective of the creditors' meeting was to form a liquidation committee (the "Liquidation Committee").    The members of the Liquidation Committee are: PanAmerica Capital Group, Inc., Pollock International Ltd., Santiago Gey, Seguros Sucre S.A., and Westwood Capital Markets S.A.    The function of the Liquidation Committee is to consult with the Petitioners on behalf of the Company's creditors on various matters related to the Company, including the Petitioners' efforts to identify and recover the Company's assets for the benefit of creditors. *See* Kish Declaration ¶25.

D.    Other Actions by the Petitioners

23.    Following their respective appointments as the Joint Official Liquidators of the Company, the Petitioners, in that capacity, have conducted all of their work related to the Cayman Proceeding from the Cayman Islands and under the supervision of the Cayman Court. The Petitioners have retained the Ogier law firm as Cayman Islands counsel to advise them in connection with the Cayman Proceeding.    Thus far, the bulk of the Petitioners' work has been focused on conducting due diligence and investigating the Company's affairs in order to better understand the Company's business, its assets and its liabilities.    This work has been conducted exclusively from the Cayman Islands, and has included numerous communications with the Company's former counsel and service providers, creditors, banks and other financial institutions.    In addition, as described above, the Petitioners have convened a meeting of creditors in the Cayman Islands and have had creditors submit proofs of debt in the Cayman Islands.

9

24.    The Petitioners have recovered the Company's statutory books from the Company's former registered office provider, and are maintaining such books in the Cayman Islands.  In addition, the Petitioners have taken steps to protect and realize the Company's assets. Among other things, the Petitioners have recovered cash and securities totalling approximately $46 million from one of the Company's brokers in the United Kingdom and have transferred those funds to accounts maintained in the Cayman Islands.  The Petitioners will oversee and manage distributions to creditors and any litigation involving the Company from the Cayman Islands. *See* Kish Declaration ¶¶ 14, 23, and 28.

25.    As of the date hereof, the Petitioners have engaged in approximately 427 hours in the performance of their duties with respect to the Company since the entry of the Winding Up Order.

III.    **The Company's Property in the United States**

26.    As of the date hereof, the Company has an interest in an undrawn retainer with Norton Rose Fulbright US LLP, the Petitioners' United States counsel.  Pursuant to the terms of a letter dated September 6, 2018, a copy of which is attached as Exhibit "E," the Petitioners deposited $10,000 in a non-interest bearing client trust account with JPMorgan Private Bank in New York (the "Client Trust Account").  Such funds remain in the Client Trust Account as of the date hereof.  Pursuant to the Petitioners' arrangements with their counsel, Norton Rose Fulbright US LLP is only permitted to apply the funds in the Client Trust Account to outstanding invoiced amounts at the Petitioners' direction.

27.    In addition, the Company, until recently had, and may still have, cash and securities in accounts in its name in several banks in the United States, including Deutsche Bank in New York and Comerica.  The Petitioners have been unable to verify whether those assets

continue to exist, but they believe that the Company may currently have other assets in accounts with other financial institutions in the United States.

## IV.    Litigation Against the Company in the United States

28.    On July 19, 2018, Insight Securities, Inc. ("Insight") filed a complaint with the United States District Court for the Northern District of Illinois against, among others, the Company. Thereafter, Insight filed a notice of voluntary dismissal of such litigation. In addition, the Petitioners have received a separate threat of litigation against the Company in the United States. Despite the lack of pending litigation against the Company, the Petitioners are concerned that the Company and its assets may be the target of future litigation that could hinder the administration of the Cayman Proceeding.

29.    Absent the relief requested, the Petitioners may be forced to choose between a number of unappealing alternatives. If parties in the United States are not enjoined, any assets of the Company's estate may be prematurely pieced out and the orderly determination of claims against the Company and the fair distribution of the Company's assets in the Cayman Proceeding could be severely disrupted. To prevent such a premature piecing-out, the Petitioners may be forced to expend finite resources of the Company's estate in defense of attachment and other similar actions. Alternatively, the Petitioners could forego any defenses resulting in default judgments and affording unfair advantage to some parties to the detriment of others. Moreover, the Petitioners are concerned that, in the absence of relief under Chapter 15, Company accounts that may be held in the U.S. could be closed or transferred without the knowledge or consent of the Petitioners.

## STATUTORY BASIS FOR RELIEF REQUESTED

30.    Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives, such as the Petitioners, in the performance of their duties.  One of the primary objectives of Chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3).

31.    The Petition satisfies all of the requirements set forth in section 1515 of the Bankruptcy Code.  In addition, the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code, because it has property in the United States.  Moreover, the relief requested herein is necessary and is appropriate under Chapter 15 of the Bankruptcy Code.  Granting recognition to the Cayman Proceeding is consistent with the goals of international cooperation and assistance to foreign courts that are embodied in Chapter 15 of the Bankruptcy Code.

32.    The criteria for recognition under Chapter 15 are satisfied under the facts of this case.  Relief under Chapter 15 of the Bankruptcy Code is necessary to ensure that the Company is liquidated in an orderly manner, that the Petitioners collect and realize on any assets located in the United States, and that such assets and the proceeds thereof are protected for the benefit of all creditors and distributed under the auspices of the Cayman Court in the Cayman Proceeding.

## RELIEF REQUESTED

33.    The Petitioners, as the foreign representatives of the Company, seek entry of the Proposed Order granting the following relief:

(a)    recognition of the Cayman Proceeding as a foreign main proceeding, as defined in section 1502(4) of the Bankruptcy Code;

(b)    all relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code;

12

(c)    a stay of the commencement or continuation of an individual action or proceeding concerning the Company's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);

(d)    a stay of execution against the debtor's assets to the extent it has not been stayed under section 1520(a);

(e)    a suspension of the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);

(f)    entrustment of the administration or realization of the Company's assets within the territorial jurisdiction of the United States tot the Petitioners; and

(g)    such other and further relief as this Court may deem just and proper.

34.    The Petitioners believe that the Cayman Proceeding, with the assistance of this Court, offers the best means to liquidate the Company's assets and achieve a global, equitable resolution of the Company's liabilities.  Recognition of the Cayman Proceeding as a foreign main proceeding under Chapter 15 is critical to achieving this goal for several reasons.

35.    First, Chapter 15 relief will enjoin any actions against the Company or its assets in the United States.  If such actions are not stayed, the orderly liquidation of the Company may be jeopardized and the Petitioners may be forced to expend resources unnecessarily (i) to defend actions against the Company or its assets in the United States, or (ii) to bring actions to enjoin the transfer of the Company's assets or to preserve the proceeds of such transfers for the benefit of all creditors and parties in interest.

36.    Second, the Company may have assets in the United States that will remain unknown to the Petitioners absent relief from this Court.  Due to the lack of documents and information presently available to the Petitioners regarding the Company's assets, it is unclear whether, and to what extent, the Company has additional assets in the United States.  Chapter 15 relief will allow the Petitioners to seek discovery that may be essential in determining whether

such assets exist and whether it would be appropriate or necessary to commence actions in the United States to recover them.[9]

37.    Finally, the Petitioners are tasked with taking possession of and realizing the assets of the Company under Cayman law. *See* Kish Declaration ¶ 23. However, due to the lack of cooperation from parties in the United States, the Petitioners require this Court's assistance to discharge their duties and responsibilities. Chapter 15 relief would provide the Petitioners' with the requisite authority to assert control over the Company's assets in the United States. Absent this Court's assistance, there is significant risk that the Petitioners will not be able to fully administer the Company's assets to the detriment of creditors.

38.    Based on the foregoing, the Petitioners concluded that relief under Chapter 15 is appropriate and necessary to achieve the goals of the Cayman Proceeding and therefore commenced this case.

## OTHER PROCEEDINGS INVOLVING THE COMPANY

39.    Pursuant to section 1515 of the Bankruptcy Code, a Chapter 15 must "be accompanied by a statement identifying all foreign proceedings (as defined in the Bankruptcy Code) with respect to the debtor that are known to the foreign representative." 11 U.S.C. §1515(c).

40.    Other than the Cayman Proceeding, the Petitioners are not aware of any other foreign proceeding involving the Company. The Petitioners will promptly inform this Court if

---

[9]    If and when the Petitioners determine that such recovery actions or other claims or causes of action should be pursued in the United States for the benefit of the Company's creditors, recognition of the Cayman Proceeding may be necessary to allow the Petitioners access to United States courts pursuant to section 1509(b) of the Bankruptcy Code.

they become aware of any such foreign proceeding, or if they commence a foreign proceeding in another jurisdiction to aid in the administration of the Company's assets.

## NOTICE

41.    Pursuant to section 1517(c) of the Bankruptcy Code, a petition for recognition shall be decided at the "earliest possible time." Accordingly, the Petitioners request that this Court set the date for the hearing on recognition and to consider the Proposed Order (the "Hearing") on October 10, 2018, or as soon thereafter as possible. In addition, the Petitioners request that this Court approve the manner of service set forth in the *Application for Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice* filed contemporaneously herewith (the "Application").

42.    As soon as the Hearing is scheduled, the Petitioners will cause a copy of the Notice of Filing and Hearing on Petition Seeking Recognition of Foreign Main Proceeding Pursuant to Chapter 15 of the United States Bankruptcy Code (the "Notice") to be sent to known creditors and other parties in interest.[10] The Notice shall be sent so as to provide interested parties in the United States at least 21 days' notice by mail prior to the Hearing as required by Bankruptcy Rule 2002(q). By such notice, all interested parties in the United States will be advised of the commencement of the Chapter 15 case, the relief requested by the Verified Petition, the central documents filed with the Court respecting the Chapter 15 case, as well as the date, place and time of the hearing to consider the Verified Petition and the date, time and

---

[10]    Copies of the Chapter 15 form petition, this Verified Petition and all other papers filed by the Petitioners in this Chapter 15 case, including (i) the List submitted by the Petitioners pursuant to Bankruptcy Rule 1007(a)(4); (ii) the Kish Declaration; (iii) the Corporate Ownership Statement required by Bankruptcy Rule 7007.1; and (iv) the Memorandum of Law in Support of the Verified Petition will be provided upon request to the Petitioners' counsel.

manner for lodging a response or motion respecting the Verified Petition and the relief requested

therein, in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure.

## CONCLUSION

WHEREFORE, the Petitioners respectfully request that this Court grant the relief

requested and such other and further relief as may be just and proper.

Dated: New York, New York
September 18, 2018

NORTON ROSE FULBRIGHT US LLP

By: _____

Andrew Rosenblatt
Francisco Vazquez
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100

*Counsel for the Petitioners*

**NORTON ROSE FULBRIGHT US LLP**
Counsel for the Petitioner
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Andrew Rosenblatt
Francisco Vazquez

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------- x
                                                   :
In re                                              :
                                                   :
MADISON ASSET LLC,                                 :   In a Case Under Chapter 15
                                                   :   of the Bankruptcy Code
                                                   :
Debtor in a Foreign Proceeding.                    :   Case No. 18-
------------------------------------------------- x
```

I, Christopher James Smith, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

I am one of the Joint Official Liquidators of Madison Asset LLC (in Official Liquidation). I have the full authority to verify this petition on behalf of the Joint Official Liquidators.

I have read the foregoing petition, and I am informed and believe that the factual allegations contained therein are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information and belief, the foregoing is true and correct.

Executed this 18th day of September 2018 in Cayman Islands

_____
Christopher James Smith, as the Joint Official
Liquidator of Madison Asset LLC (in Official
Liquidation)

# **EXHIBIT A**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

FSD No: 36 of 2018 (RMJ)

IN THE MATTER OF THE COMPANIES LAW (2018 REVISION)

AND IN THE MATTER OF MADISON ASSET LLC

9 MAY and 4 JULY 2018
IN OPEN COURT

---

**ORDER**

---

**UPON** the hearing of the Winding Up Petition of (1) Westwood Capital Markets S.A. and (2) Seguros Sucre S.A. (together, the "**Petitioners**") dated 12 March 2018, presented against Madison Asset LLC (the "**Company**") and the Petitioners' Summons dated 3 July 2018

**AND UPON** reading the First Affidavit of Carlos Ortega and Exhibit CO 1 sworn on 9 March 2018, the First Affidavit of Dayan Cabrera sworn on 9 March 2018 and Exhibit DAC 1, the First Affidavit of Martin Trott sworn on 9 March 2018 and Exhibit MT 1, the First Affidavit of Jasen Dawsen and JD 1 sworn on 20 March 2018, the Second Affidavit of Carlos Ortega and Exhibit CO 2 sworn on 4 May 2018, the First Affidavit of Beatriz Lorena Romero Alfaro sworn on 17 May 2018, the First Affidavit of Jose Eduardo Ibanez Santos sworn on 23 May 2018, the First Affidavit of Gustavo Franco and Exhibits GATF 1-3 sworn on 29 May 2018, the Third Affidavit of Carlos Ortega and Exhibit CO 3 sworn on 8 June 2018, the Fourth Affidavit of Carlos Ortega and Exhibit CO 4 sworn on 28 June 2018 and the Second Affidavit of Dayan Cabrera sworn on 29 June 2018

**AND UPON** the Court being satisfied that the form and content of the Petition complies with CWR O.3, r.2, that the Petition has been verified in accordance with CWR O.3, r.3, that the nominated official liquidator has confirmed his consent to act in accordance with CWR O.3, r.4, that the Petition has been presented and served in accordance with CWR O.3, r.5 and that the hearing of the Petition was advertised in accordance with CWR O.3, r.6 in the Cayman Islands Gazette, the Cayman Compass and in all countries in which the Company is believed to carry on business outside the Islands, namely Argentina, Brazil, Peru, Paraguay, Venezuela, Mexico, Columbia, Ecuador and Chile, and that no notice of an intention to appear has been given to the Petitioners' attorneys by any other person

This **Order** is filed by Campbells, Attorneys-at-Law for Westwood Capital Markets S.A. and Seguros Sucre S.A., whose address for service is Floor 4, Willow House, Cricket Square, Grand Cayman, KY1-9010, Cayman Islands – Tel: +1 (345) 949-2648 (Ref: JGM/SMT/16683-28017)

1554864-1

**AND UPON** hearing from counsel for the Petitioners in Court at 10am on 4 July 2018

**IT IS ORDERED** that:-

1.   The Petitioners be granted leave pursuant to CWR O.3, r.2(3) to amend their Winding Up Petition in the form exhibited to the Fourth Affidavit of Carlos Ortega sworn on 28 June 2018.

2.   The Company be wound up by the Court pursuant to Part V of the Companies Law (2018 Revision).

3.   Martin Nicholas John Trott of RHSW (Cayman) Limited, Windward 1, Regatta Office Park, Grand Cayman, PO Box 897, KY1-1103, Cayman Islands, be appointed as official liquidator (**"OL"**) of the Company.

4.   The OL shall not be required to give security for his appointment.

5.   The OL's remuneration and expenses be paid out of the assets of the Company in accordance with Part III of the Insolvency Practitioners' Regulations 2018 and Order 20 of the Companies Winding Up Rules 2018.

6.   The OL be at liberty to meet all disbursements reasonably incurred in connection with the performance of his duties and such payments shall be made as and when they fall due out of the assets of the Company and shall be expenses in the liquidation.

7.   The OL be authorised to engage staff (whether or not as employees of the Company) to assist him in the performance of his functions.

8.   The OL be at liberty to engage attorneys and other professionally qualified persons to assist him in the performance of his duties.

9.   The Petitioners' costs of and incidental to this Petition be paid out of the assets of the Company as an expense of the liquidation, to be taxed on the indemnity basis if not agreed with the OL.

Dated: 4th July 2018

Filed: 4th July 2018

_Rob McMillan_

**The Honourable Mr Justice McMillan**
**Judge of the Grand Court of the Cayman Islands**

This **Order** is filed by Campbells, Attorneys-at-Law for Westwood Capital Markets S.A. and Seguros Sucre S.A., whose address for service is Floor 4, Willow House, Cricket Square, Grand Cayman, KY1-9010, Cayman Islands – Tel: +1 (345) 949-2648 (Ref: JGM/SMT/16683-28017)

2

1554864-1

**<u>EXHIBIT B</u>**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 36 OF 2018 (RMJ)

IN THE MATTER OF THE COMPANIES LAW (2018 REVISON)

AND IN THE MATTER OF MADISON ASSET LLC

---

### ORDER

---

**UPON** considering the Second Affidavit of Martin Trott, Official Liquidator ("**OL**") of Madison Asset LLC (in Official Liquidation) (the "**Company**") dated 16 August 2018

**AND UPON** considering the Affidavit of Christopher Smith dated 16 August 2018, together with exhibit CJS-1

**AND UPON** determining that the application is suitable to be dealt with on the papers without the need for an oral hearing

**IT IS ORDERED that:**

1    Mr Christopher Smith of RHSW (Cayman) Limited, 2nd Floor, Windward 1, Regatta Office Park, PO Box 897, Grand Cayman, KY1-1103, Cayman Islands, be appointed joint official liquidator with power to act jointly and severally with the OL (together, the "**JOLs**").

2    The requirement for the publication of notices of appointment for each of the JOLs in the newspapers in which the Petition was advertised be dispensed with pursuant to CWR Order 1, rule 4(1B).

3    The requirement for Mr Smith to advertise his appointment in the Cayman Islands Gazette be dispensed with pursuant to CWR Order 5, rule 3(3).

4    The period for service of the OL's application, the Second Affidavit of Martin Trott and the Affidavit of Christopher Smith be abridged.

5    The OL's costs of and incidental to this application be costs in the liquidation.

Dated this *17* day of August 2018
Filed this *17* day of August 2018

_____
The Hon. Mr Justice McMillan
Judge of the Grand Court

1

# **EXHIBIT C**

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 36 OF 2018 (RMJ)

IN THE MATTER OF THE COMPANIES LAW (2018 REVISON)

AND IN THE MATTER OF MADISON ASSET LLC

IN CHAMBERS

5 SEPTEMBER 2018

BEFORE THE HONOURABLE MR JUSTICE MCMILLAN



---

**ORDER**

---

**UPON** the application of the joint official liquidators (the "**JOLs**") of Madison Asset LLC (in Official Liquidation) (the "**Company**") dated 16 August 2018

**AND UPON** considering the Second Affidavit of Mr Christopher Smith dated 30 August 2018 and the First Affidavit of Ms Rebecca Findlay dated 4 September 2018

**AND UPON** hearing from Counsel for the JOLs and Counsel for Etienne Blake Attorneys-at-Law ("**Etienne Blake**")

**IT IS ORDERED** that:

1    The JOLs are permitted to file a petition for recognition of the official liquidation and requests for orders granting additional relief under Chapter 15 of the United States Bankruptcy Code in the United States.

2    To the extent necessary as a result of a shortfall of general assets available to the insolvency estate of the Company, the JOLs be permitted in principle to use assets held on trust by the Company to pay such fees and expenses as are incurred towards the administration of such trusts, provided that the quantum and apportionment of such fees among trust assets be made pursuant to further order of the Court.

3    The JOLs' costs of and incidental to this application be payable out of the assets of the Company as an expense of the liquidation.

1

This ORDER is filed by Ogier, Attorneys at Law for the Joint Official Liquidators, whose address for service is:
89 Nexus Way, Camana Bay, Grand Cayman KY1-9009, Cayman Islands (Ref. 426395.00001/MKS/IOG)

-8944033-3

4  Etienne Blake's costs of this application be payable on a standard basis out of the assets of the Company as an expense of the liquidation, to be taxed if not agreed.

Dated this 5 day of September 2018
Filed this 7 day of September 2018

           The Hon. Mr Justice McMillan
           Judge of the Grand Court

2

-8944033-3

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------- x
In re                                                             :
                                                                  :
MADISON ASSET LLC,                                                :   In a Case Under Chapter 15
                                                                  :   of the Bankruptcy Code
                                                                  :
Debtor in a Foreign Proceeding.                                   :   Case No. 18-
----------------------------------------------------------------- x
```

### ORDER GRANTING RECOGNITION OF A FOREIGN MAIN PROCEEDING

This matter came before the Court upon the verified petition of Martin Nicholas John Trott

and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "Petitioners")

of Madison Asset LLC (in Official Liquidation) (the "Company") and as duly authorized foreign

representatives as defined by section 101(24) of title 11 of the United States Code (the

"Bankruptcy Code") in the above-captioned case, for the entry of an order granting recognition of

a foreign main proceeding (the "Verified Petition"). [1]   The Court has reviewed and considered,

among other things: (i) the Verified Petition; (ii) the declaration of Marc Kish, Cayman Islands

legal counsel to the Petitioners; (iii) the Memorandum of Law in Support of the Verified Petition;

and (iv) the arguments presented at the hearing held on October __, 2018.  Based on the foregoing,

the Court finds and concludes as follows:

1.    The Petitioners have demonstrated that:

(a)    the Company is subject to a foreign proceeding within the meaning of
section 101(23) of the Bankruptcy Code;

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to
them in the Verified Petition.

(b)     the Company is subject to a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

(c)     the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code;

(d)     the Petitioners, as the Joint Official Liquidators of the Company, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code;

(e)     the above-captioned Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

(f)     the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

2.      The Petitioners and the Company are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

3.      The Petitioners are entitled to the relief expressly set forth in sections 1521(a) and (b) that is granted hereby.

4.      The relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507, 1520, 1521, and 1525 of the Bankruptcy Code, necessary to effectuate the purpose of Chapter 15 of the Bankruptcy Code and to protect the Company and the interests of its creditors and other parties in interest, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting relief.

5.      Absent the relief granted hereby, the Company may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings against the Company or the Company's property, thereby interfering with and causing harm to, the Company, its creditors, and other parties in interest in the Cayman Proceeding and, as a result, the Company, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

CPAM: 33120516.3

6.       Absent the requested relief, the efforts of the Petitioners and the Cayman Court in managing and effecting the liquidation of the Company in the Cayman Proceeding may be thwarted by the actions of certain creditors, a result that is antithetical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

7.       Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) confers material benefits on, and is in the best interests of, the Company and its creditors, including without limitation the creditors in the Cayman Proceeding, and (iii) is important to the overall objectives of the Cayman Proceeding.

8.       The interest of the public will be served by this Court's granting of the relief requested by the Petitioners.

9.       Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Verified Petition is granted; and it is further

ORDERED, that the Cayman Proceeding is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the Cayman Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded automatically upon recognition of a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is granted, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code with respect to the Company and property of the Company that is within the territorial jurisdiction of United States; and it is further

CPAM: 33120516.3

ORDERED, that all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Petitioners and their expressly authorized representatives and agents, are hereby enjoined from:

(a)    commencing or continuing any action or proceeding concerning the Company's assets, rights, obligations or liabilities to the extent such action or proceeding has not been stayed under section 1520(a);

(b)    taking or continuing any act to create, perfect, execute, or enforce a lien or other security interest, set-off, against the Company's assets to the extent such act has not been stayed under section 1520(a); and

(c)    transferring, encumbering, relinquishing, or otherwise disposing of any property of the Company to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioners; and it is further

ORDERED, the Petitioners are entrusted with the administration, realization, and distribution through the Cayman Proceeding of all of the Company's assets located in the territorial jurisdiction of the United States, pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code; and it is further

ORDERED, that nothing in this Order shall in any respect enjoin any police or regulatory act of a governmental unit, including a criminal action or proceeding; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15

4

case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that the Petitioners and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code; and it is further

ORDERED, that this Order shall be served by United States mail, first class postage prepaid, on or before_____, 2018, upon the known parties-in-interest in the United States at the time of such service; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated:  New York, New York
        October __, 2018

_____

Honorable _____
United States Bankruptcy Judge

5

# EXHIBIT E

# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
United States

**Andrew Rosenblatt**
**Partner**
Direct line +1 212 408 5559
andrew.rosenblatt@nortonrosefulbright.com

Tel +1 212 408 5100
Fax +1 212 541 5369
nortonrosefulbright.com

September 6, 2018

Martin Trott and Christopher Smith
As Joint Official Liquidators of Madison Asset LLC
RHSW (Cayman) Limited
PO Box 897
Windward 1
Regatta Office Park
Grand Cayman KY1-1103
Cayman Islands

Re:  Madison Asset LLC

Dear Martin and Chris:

This is to confirm that a "retainer" in the amount of $10,000 to be remitted by Madison Asset LLC ("Madison") to Norton Rose Fulbright US LLP ("NRF") will be held in a non-interest bearing escrow account.  The funds will be held in this account as property of Madison until such time as you, in your capacity as Official Liquidator of Madison (the "Liquidator"), directs that the funds should be applied against any outstanding invoice for legal services performed by NRF for or on behalf of the Liquidator or such funds are returned to Madison.  NRF's wire instructions are set forth below:

| | |
|---|---|
| Bank Name: | **Citibank, N.A.** |
| Bank Address: | 153 E. 53rd Street |
| | New York, NY 10022 |
| Bank Rep: | Attn: Farah Rubeo |
| Contact #: | Tel: 1-212-559-0206 |
| Bank Routing #: | **ABA:  021 000 089 (Wires sent from US Banks)** |
| Bank Routing #: | **Swift:  CITIUS33 (Wires sent from Foreign Banks)** |
| Our Account #: | 37114634 |
| Reference: | 25309.002 |

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Andrew Rosenblatt

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.