UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re                                                        :
                                                             :
MADISON ASSET LLC,                                           :  In a Case Under Chapter 15
                                                             :  of the Bankruptcy Code
                                                             :
Debtor in a Foreign Proceeding.                              :  Case No. 18-
------------------------------------------------------------ x

## DECLARATION OF MARC KISH IN SUPPORT OF LIQUIDATORS' VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING

I, Marc Kish, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I am a partner of the law firm of Ogier, and am an attorney licensed to practise in the Cayman Islands. I am based in the Cayman Islands office and a member of the firm's Restructuring and Insolvency Group and the head of Ogier's insolvency team in the Caribbean and Asia. I specialise in contentious and non-contentious restructuring and insolvency proceedings, commercial litigation, and fraud and asset-tracing claims. My practice includes acting for companies, office holders, and investors in liquidations in the Cayman Islands and acting for office holders seeking Chapter 15 recognition in the U.S.

2. I have been engaged as Cayman Islands counsel to represent Martin Nicholas John Trott and Christopher James Smith (the "Petitioners") in their capacity as the Joint Official Liquidators of Madison Asset LLC (in Official Liquidation) (the "Company"). The Company is in liquidation proceedings (the "Cayman Proceedings") pending before the Grand Court of the Cayman Islands (the "Grand Court"). I submit this declaration in support of the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "Verified Petition").

3. This declaration is comprised of matters that are statements of legal opinion and/or statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements represent my view of Cayman Islands law as a practising lawyer.

4. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me by or on behalf of the Petitioners and are true to the best of my knowledge, information and belief.

## PROFESSIONAL BACKGROUND

5. I earned an Honours Bachelor of Arts degree in Modern Languages from Oxford University in the United Kingdom in 1997 and completed the Legal Practice Course at the College of Law in London in 2000 and was called to the Bar of England and Wales in 2003. I also received a Master of Arts degree from Oxford University in 2005.

6. I was admitted to the Bar of the Cayman Islands in 2008 and have practised in the Cayman Islands continuously since that time.

## BACKGROUND

7. As described in greater detail in the Verified Petition, the Company is an exempted limited company incorporated under the laws of the Cayman Islands. On March 12, 2018, certain creditors filed a winding up petition against the Company under Part V of the Cayman Islands Companies Law (2018 Revision) (the "Companies Law") with the Grand Court. Pursuant to an order dated July 4, 2018 (the "Winding Up Order"), the Grand Court placed the Company in liquidation and appointed Martin Nicholas John Trott as the Official Liquidator of the Company. Thereafter, the Grand Court entered an order dated August 17, 2018 (the "August

17th Order") and appointed Christopher James Smith as Joint Official Liquidator of the Company. By order dated September 5, 2018 (the "September 5th Order"), the Grand Court expressly authorised the Petitioners to seek recognition of the Cayman Proceeding under Chapter 15 of the Bankruptcy Code.

## CAYMAN ISLANDS LEGAL SYSTEM

**The Cayman Judicial System**

8. The Cayman Islands is a British Overseas Territory. Consequently, its laws are derived from, among other things, (i) local statutes enacted by the local general legislative assembly, (ii) local common law, (iii) English common law insofar as it can be said to be relevant to the interpretation of local laws, (iv) Orders in Council made by prerogative Order of the British Sovereign and made specifically applicable to the Cayman Islands, and (v) statutes of England and Wales that have been expressly extended to apply to the Cayman Islands.

9. The legal system of the Cayman Islands is an English-style common-law system based upon the doctrine of precedent. The court of first instance is the Grand Court and it will follow its prior decisions unless they are proven to be wrong. There is a right of appeal from the Grand Court to the Cayman Islands Court of Appeal (the "Court of Appeal") arising out of most final decisions. The Judicial Committee of the Privy Council (the "Privy Council"), which sits in London, will hear appeals of Court of Appeal decisions. The Grand Court is bound by decisions from the Court of Appeal and decisions from the Privy Council on appeals originating from the Cayman Islands.

10. In the absence of specific Cayman Islands binding authority, a Cayman Islands court will treat relevant decisions of the superior courts of record of England and Wales, and of the Privy Council on appeals from other countries, as persuasive authority. Decisions of the

3

highest courts of record of the other developed jurisdictions within the British Commonwealth -- Australia, New Zealand, Canada, and Hong Kong -- may also be persuasive on a Cayman Islands court where the legal principle under consideration is substantially similar.

**Cayman Islands Companies**

11. Cayman Islands companies are incorporated pursuant to the Cayman Islands Companies Law (as revised) (the "Companies Law"). All companies must maintain registered offices in the Cayman Islands to which all communications and notices may be addressed or served, and where certain administrative functions (e.g., annual filings and the payment of annual fees with the Cayman Islands Registrar of Companies (the "Registrar")) are handled.

12. Various types of companies may be incorporated under the Companies Law, but the vast majority of companies are incorporated as exempted companies under Part VII of the Companies Law. The Company is registered as a Cayman Islands exempted company.

13. The principal distinction between "exempted" and "ordinary" companies is that, pursuant to section 174 of the Companies Law, an exempted company is prohibited from trading in the Cayman Islands except in furtherance of its business outside the Cayman Islands. An exempted company may enter into contracts in the Cayman Islands and exercise in the Cayman Islands all of its powers necessary for the carrying on of its business outside the Cayman Islands. These restrictions cease to have any practical relevance in a liquidation of an exempted company because the liquidator, as discussed in greater detail below, is granted significant powers under the Companies Law, including the "power to do all acts executed in the name of and on behalf of the Company" and take possession of and collect the Company's property. The directors of a Cayman Islands company are to all intents and purposes divested of authority upon the company entering into liquidation.

CPAM: 33099898.9

**Liquidation of Cayman Island Companies**

14. Liquidation (i.e., a "winding up") is the process of collecting and realising the assets of a company, discharging its debts and liabilities and distributing the surplus, if any, among the shareholders of record according to their entitlements or as the constitution of the company directs. The aim of a winding up is to ensure an orderly and ratable distribution of the property (if any) of a company to the company's stakeholders. The liquidator ascertains the liabilities of the company, converts its assets into money, terminates its contracts, disposes of its business, distributes the net assets to creditors and any surplus to the shareholders, and extinguishes the company as a legal entity by formal dissolution (i.e., deregistration). A winding up may be voluntary or imposed by order of the Grand Court.

15. The substantive law relating to the winding up of companies incorporated in the Cayman Islands is generally contained in Part V of the Companies Law.[1] Part V of the Companies Law is supplemented by detailed rules governing the practice and procedure for insolvencies of companies that are set out in the Company Winding Up Rules 2008 (as revised), the Insolvency Practitioners Regulations 2008 (as revised), and the Grand Court Rules 1995 (as revised), together with a substantial body of local case law. The provisions of Part V apply to companies formed and registered under the Companies Law, including companies that are formed as exempted companies.

16. The Companies Law provides for three different modes of winding up Cayman Islands companies: (1) compulsory winding up by order of the Grand Court, (2) voluntary

---

[1] Additional laws apply to exempted limited partnerships, banks, and insurance companies.

winding up initiated by a resolution of the shareholders, and (3) voluntary winding up initiated by a resolution of the shareholders, but subject to the supervision of the Grand Court.

17. Pursuant to section 94 of the Companies Law, a creditor (including any contingent or prospective creditor), contributory (i.e., a shareholder), or the company[2] can petition for the compulsory winding up of a company on the grounds set out in section 92.[3] Under section 92 of the Companies Law, a company may be compulsorily wound up by the Grand Court if (i) the company has passed a special resolution requiring the company to be wound up by the court, (ii) the company has not commenced business within a year from its incorporation, or suspends its business for a year, (iii) the period, if any, fixed for the duration of the company by the articles of association expires, or whenever the event, if any, occurs, upon the occurrence of which it is provided by the articles of association that the company is to be wound up, (iv) the company is unable to pay its debts, or (v) the court decides that it is "just and equitable" that the company should be wound up. The Grand Court has significant oversight over a liquidation and may, for example, stay a liquidation as it "thinks fit" under Section 111 of the Company Law.

18. Section 104 of the Companies Law further provides that the Grand Court may, prior to issuing a winding up order, place a company into provisional liquidation where (i) there is a *prima facie* case for making a winding up order, and (ii) the appointment of a provisional

---

[2] A company can generally only petition for its own winding up where the directors have obtained shareholder authorization. See Re Global Opportunity Fund [1997] CILR N-7 applying Re Emmadart [1979] 1 All E.R. 599. However, in the case of Re CHC Group Limited, unreported, McMillan J., the Cayman Court determined that, in certain circumstances, directors of a company can commence Cayman Islands liquidation proceedings without a shareholders' resolution or prior authorization in the company's articles of association.

[3] The Cayman Islands Monetary Authority also may do so if the company is carrying on regulated business.

CPAM: 33099898.9

liquidator is necessary to prevent the dissipation or misuse of the company's assets, to prevent the oppression of minority shareholders, or to prevent the mismanagement or misconduct on the part of the company's directors.

19. Section 97(1) of the Companies Law provides for a broad stay of actions against the company upon the entry of a winding up order or the appointment of a provisional liquidator. In particular, "no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the Court and subject to such terms as the Court may impose."

20. Under the Companies Law, the Grand Court may (i) consider the creditor's interests for all matter related to the winding up of an insolvent company, (ii) make debts payable on a contingency basis and admit claims, whether present or future, or fixed or contingent, against the company, (iii) appoint a liquidator who is required to convene a meeting of creditors to ascertain their wishes, and (iv) apply the property of the debtor in satisfaction of its liabilities and distribute such property to creditors in accordance with their rights and interests.

21. In a liquidation, according to section 140 of the Companies Law, the claims of creditors and investors within the same class are treated on a *pari passu* basis. Moreover, all creditors and interest holders have an opportunity to be heard by the Grand Court and no creditor will be prejudiced because it is domiciled or otherwise located outside of the Cayman Islands. There is substantial judicial oversight in a liquidation which can be invoked by interested persons, including a creditor. Indeed a creditor has the right to file an application with the Grand Court seeking to stay a liquidation both before and after a winding up order has been entered.

22. Here, upon the petition of certain creditors, the Grand Court issued the Winding Up Order placing the Company into liquidation and appointing Mr. Trott as the Official Liquidator of the Company. Following the issuance of the Winding Up Order, the Grand Court issued the August 17th Order pursuant to which Mr. Smith was appointed as Joint Official Liquidator of the Company. By the September 5th Order, the Grand Court, among other things, authorised the Petitioners to seek an order granting recognition of the Cayman Proceeding in the United States.

**The Liquidators**

23. A liquidator is a fiduciary and officer of the Grand Court. Under Section 110 of the Companies Law, a liquidator's duty is to (a) collect, realize and distribute the assets of the company to its creditors and if there is a surplus, to equity holders, and (b) report to the company's creditors and other stakeholders upon the affairs of the company and the manner in which they are being wound up. In addition, under Section 102 of the Companies Law, a liquidator is empowered to investigate (i) the causes for the failure of the company's business, as well as (ii) generally, the promotion, business, dealings and affairs of the company. A liquidator is subject to the supervision and oversight of the Grand Court with respect to the performance of his or her duties.

24. Schedule 3, Part II of the Companies Law provides that an official liquidator is permitted to exercise the following powers without sanction from the Cayman Islands Courts:

- The power to take possession of, collect, and enter the property of the company, and for that purpose to take all such proceedings as he considers necessary.

- The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents, and for that purpose to use, when necessary, the company seal.

CPAM: 33099898.9

- The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and ratably with the other separate creditors.

- The power to draw, accept, make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

- The power to promote a scheme of arrangement pursuant to section 86.

- The power to convene meetings of creditors and contributories.

- The power to do all other things incidental to the exercise of his or her powers.

25. In accordance with such powers, the Petitioners have convened a meeting of creditors, during which a liquidation committee was elected (the "Liquidation Committee"). The members of the Liquidation Committee are: PanAmerica Capital Group, Inc., Pollock International Ltd., Santiago Gey, Seguros Sucre S.A., and Westwood Capital Markets S.A.. The function of the Liquidation Committee will be to consult with the Petitioners on behalf of the Company's creditors on various matters related to the Company, including the Petitioners' efforts to identify and recover the Company's assets for the benefit of creditors.

26. Unless otherwise ordered by the Grand Court, Schedule 3, Part I to the Companies Law sets out the powers that an official liquidator may exercise with the sanction of the Grand Court. These include the following:

- Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

- Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

9

- Power to dispose of any property of the company to a person who is or was related to the company.

- Power to pay any class of creditors in full.

- Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

- Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

- Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

- The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

- The power to raise or borrow money and grant securities therefor over the property of the company, the power to engage staff (whether or not as employees of the company) to assist him in the performance of his functions.

- The power to engage attorneys and other professionally qualified persons to assist him in the performance of his functions.

**The Cayman Proceeding is a "foreign proceeding"**

27.  I am advised by the Petitioners' U.S. counsel that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation

10

11 U.S.C. § 101(23). Although the application of section 101(23) of the Bankruptcy Code is ultimately a question of United States law on which I am not qualified to opine, based on my reading of the language of the section, I believe that the Cayman Proceeding satisfies the elements of the definition of a foreign proceeding. In particular, the Cayman Proceeding is a collective judicial proceeding, in the Cayman Islands, that is governed by the Cayman Islands statute applicable to corporate insolvencies. In addition, in the Cayman Proceeding the Company's assets and affairs are subject to the control or supervision of the Grand Court, and the purpose of the Cayman Proceeding is liquidation.

**The Joint Official Liquidators are "foreign representatives"**

28. I am also advised by the Petitioners' U.S. counsel that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24). Again, the application of section 101(24) is ultimately a question of United States law on which I am not qualified to opine, but in my view the Petitioners fit within the definition of a "foreign representative" based on a plain reading of the language of the section. The Petitioners were appointed by the Grand Court to manage and administer the Company's liquidation and to, among other things, collect the Company's assets and make distributions to creditors. Moreover, pursuant to the September 5th Order, the Grand Court authorised the Petitioners to file the Chapter 15 petition commencing this case.

IN WITNESS WHEREOF, I have executed this Statement under penalty of perjury under the laws of the United States of America this 14th day of September 2018.

_____
**MARC KISH**

CPAM: 33099898.9