**NORTON ROSE FULBRIGHT US LLP**
Counsel for the Petitioners
1301 Avenue of the Americas
New York, New York 10019
(212) 408-5100
Andrew Rosenblatt
Francisco Vazquez

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
In re                                                                          :
                                                                               :
MADISON ASSET LLC,                                          :    In a Case Under Chapter 15
                                                                               :    of the Bankruptcy Code
                                                                               :
Debtor in a Foreign Proceeding.                          :    Case No. 18-____
--------------------------------------------------------------- x

**APPLICATION FOR ORDER LIMITING NOTICE, SCHEDULING HEARING**
**AND SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE**

Martin Nicholas John Trott and Christopher James Smith, in their capacity as the

Joint Official Liquidators (the "Petitioners") of Madison Asset LLC (in Official Liquidation) (the

"Company") and as duly authorized foreign representatives as defined by section 101(24) of title

11 of the United States Code (the "Bankruptcy Code"), by their United States counsel, Norton

Rose Fulbright US LLP, file this Application (the "Application") and respectfully represent as

follows:

**PRELIMINARY STATEMENT**

1.       The Petitioners, as foreign representatives of the Company, have commenced the

above-captioned Chapter 15 case (the "Chapter 15 Case") by filing a form petition pursuant to

Chapter 15 of the Bankruptcy Code and the Verified Petition in support thereof (the "Verified

Petition") contemporaneously with, and accompanied by, all certifications, statements, lists and

documents required pursuant to section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").   Pursuant to the Verified

Petition, the Petitioners seek recognition of Company's liquidation proceeding under Part V of

the Cayman Islands Companies Law pending before the Grand Court of the Cayman Islands (the

"Cayman Proceeding") as a foreign main proceeding, as defined in section 1502(4) of the

Bankruptcy Code, and related relief.

2.       Pursuant to this application, the Petitioners seek the entry of an order (the

"Proposed Order") in the form annexed hereto as Exhibit "A": (i) limiting notice; (ii) scheduling

a hearing on the relief sought in the Verified Petition; and (iii) approving the notice in the form

annexed hereto as Exhibit "B" (the "Notice") of (a) the commencement of these Chapter 15

Case, (b) the relief sought by the Petitioners, and (c) the hearing to consider the Petitioners'

request for relief and specifying the manner of service of the Notice.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157 and the "Amended Standing Order of Reference" of the United States District Court for the

Southern District of New York (Preska, Loretta C.J.), dated January 31, 2012.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4.       Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

## BACKGROUND

5.       The Court is respectfully referred to the Verified Petition, which is incorporated

herein by reference, for a more complete description of the Company, the Cayman Proceeding,

and the circumstances leading to the filing of the Chapter 15 Case.

**RELIEF REQUESTED**

**I.    Order Limiting Notice**

6.    The Petitioners respectfully request that the requirement set forth in section 1514(c) of the Bankruptcy Code be waived in this instance.  Section 1514(c) of the Bankruptcy Code provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ."  11 U.S.C. § 1514(c).  However, as explained in Collier, this section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511."  8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).  1514(a) Consequently, it is designed to ensure that foreign creditors receive proper notice in cases in the United States.  Id.  Given that the relief sought would not prejudice or impose any obligations on creditors located outside the United States, the Petitioners respectfully request that the requirements set forth in section 1514(c) be waived in this instance.

**II.    Scheduling Hearing**

7.    Section 1517(c) of the Bankruptcy Code provides that a petition for recognition shall be decided "at the earliest possible time."  Moreover, Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition.  See Fed. R. Bankr. P.  2002(q)(1).  In addition, Rule 2002-4 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") provide that "[a] foreign representative commencing a chapter 15 case must forthwith give the notice required by Bankruptcy Rule 2002(q)(1) . . . ."  Accordingly, the Petitioners request that the Court set a hearing (the "Hearing") on the Verified Petition for a

date at least 21 days after service of the Notice, preferably on or about October 10, 2018 or as soon thereafter as possible.

8.    Bankruptcy Rule 1012(b) provides that objections and other responses to a Chapter 15 petition "shall be presented no later than seven days before the date set for the hearing on the petition." Fed. R. Bankr. P. 1012(b).  Accordingly, the Petitioners respectfully request that the Court require that answers, objections or responses, if any, to the Verified Petition be made in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the United States Bankruptcy Judge assigned to this case, and served upon Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Andrew Rosenblatt and Francisco Vazquez) so as to be received on or before 4:00 p.m. (EST) on October 3, 2018.

## III.    Service of Notice

9.    Bankruptcy Rule 2002(q)(l) provides that at least 21 days' notice must be given of a hearing to consider a petition for recognition of a foreign proceeding to the debtor, all administrators in foreign proceedings of the debtor, entities against whom provisional relief is being sought under, all parties to any pending litigation in the United States in which the debtor is a party, and any other parties the court may direct.  Moreover, Bankruptcy Rules 2002(m) and 9007 state that the form and manner of notice shall be designated by the Court, unless otherwise provided by the Bankruptcy Rules.  Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

10.     Consistent with the requirements of Bankruptcy Rule 2002(q), the Petitioners propose serving the Notice on all known creditors or potential creditors and any entities that have threatened to commence litigation against the Company in the United States (together with the Office of the United States Trustee, the "Notice Parties").[1]  The Petitioners respectfully request that this Court permit service of the Notice, by United States First Class Mail or First Class International Mail, upon the Notice Parties at their last known address, on or before September 20, 2018, and by email, if the Petitioners are aware of the Notice Party's email address.  To the extent that the Petitioners become aware of additional creditors in the United States, or parties to actions, arbitrations, or other proceedings in the United States in which the Company is named as a party after the date hereof, counsel for the Petitioners will serve a copy of the Notice by United States First Class Mail or First Class International Mail, as appropriate, and email, if the email address is available, upon such parties that are located in the United States.

11.     The Petitioners respectfully submit that service of the Notice by United States First Class Mail, First Class International Mail, or email as described above upon the Notice Parties and other parties-in-interest located in the United States that are known to the Petitioners and for whom addresses have been obtained shall constitute good and sufficient service upon such parties-in-interest located in the United States in compliance with Bankruptcy Rule 2002(q) and Local Bankruptcy Rule 2002-4.

---

[1]    The inclusion of any entity on a service list or the identification of such entity as a Notice Party in this Chapter 15 case is not an admission by the Petitioners that the entity is a creditor or holds a valid claim against the Company.

WHEREFORE, the Petitioners respectfully request entry of an order in the form
attached hereto as Exhibit "A" and that the Petitioners be granted such other and further relief as
this Court deems proper.

Dated:  New York, New York
         September 18, 2018

NORTON ROSE FULBRIGHT US LLP

By:    /s/ Andrew Rosenblatt
       Andrew Rosenblatt
       Francisco Vazquez
       1301 Avenue of the Americas
       New York, New York  10019
       (212) 408-5100

       Counsel for the Petitioners

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re                                                                  :
                                                                       :
MADISON ASSET LLC                                   :    In a Case Under Chapter 15
                                                                       :    of the Bankruptcy Code
                                                                       :
Debtor in Foreign Proceedings.                    :    Case No. 18-_____
---------------------------------------------------------------- x

### ORDER LIMITING NOTICE, SCHEDULING HEARING AND
### SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE

Upon the *Application for Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice* (the "Application")[1] of Martin Nicholas John Trott and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "Petitioners") of Madison Asset LLC ("Official Liquidation") (the "Company"), for an Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice, made pursuant to sections 105, 1514, 1517, and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1012, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-4 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"); it is hereby

**ORDERED**, that a hearing (the "Hearing") to consider the Petition and the Petitioners' request for recognition of the Company's liquidation proceeding pending before the Grand Court of the Cayman Islands (the "Cayman Proceeding"), and related relief shall be

---

[1]    All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

held before this Court, in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on October __, 2018, at ____.m., or as soon thereafter as counsel may be heard (the "Return Date"); and it is further

ORDERED, that the form of notice of hearing annexed to the Application as Exhibit "B" (the "Notice") is hereby approved; and it is further

ORDERED, that all notice requirements specified in section 1514 of the Bankruptcy Code are hereby waived; and it is further

ORDERED, that copies of the Notice shall be served by United States mail, first-class postage prepaid upon all Notice Parties and other parties specified in the Application, and by email, if the Petitioners are aware of the Notice Party's email address, on or before September __, or as soon thereafter as practicable; and it is further

ORDERED, that if any party files a notice of appearance in this case, the Petitioners shall serve the Notice within 10 days of the filing of such notice of appearance if such Notice has not already been served on such party (or its counsel); and it is further

ORDERED, that service of subsequent notices in this case shall be effected by United States mail, first class postage prepaid, upon only those parties that have filed notices of appearance or objections in this case; and it is further

ORDERED, that answers, objections or responses, if any, to the Verified Petition be made in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable _____, United States Bankruptcy

Judge, and served upon Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Andrew Rosenblatt and Francisco Vazquez) so as to be received on or before 4:00 p.m. (EST) on _____; and it is further

ORDERED, that the Petitioners may file a reply in support their request for an order granting recognition to the Cayman Proceeding by noon on the day before the Hearing; and it is further

ORDERED, that the Hearing may be adjourned from time to time without notice other than an announcement in open court at the Hearing or the adjourned date of the Hearing; and it is further

ORDERED, that service of the Notice in accordance with this Order is hereby approved as adequate and sufficient service and adequate notice of the hearing to consider the Petitioners' request for an order granting recognition to the Cayman Proceeding, and granting related relief.

Dated:  New York, New York
          _____, 2018

_____
United States Bankruptcy Judge

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                              :
                                                   :
MADISON ASSET LLC,                                 :  In a Case Under Chapter 15
                                                   :  of the Bankruptcy Code
                                                   :
Debtor in a Foreign Proceeding.                    :  Case No. 18-_____
------------------------------------------------------------ x
```

**NOTICE OF FILING AND HEARING ON PETITION SEEKING**
**RECOGNITION OF A FOREIGN MAIN PROCEEDING UNDER**
**CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

PLEASE TAKE NOTICE that on _____ Martin Nicholas John Trott and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "Petitioners") of Madison Asset LLC (in Official Liquidation) (the "Company") and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), by their United States counsel, Norton Rose Fulbright US LLP, filed a petition pursuant to Chapter 15 of the Bankruptcy Code (the "Petition") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), seeking recognition of the Company's liquidation proceeding under Part V of the Cayman Islands Companies Law pending before the Grand Court of the Cayman Islands (the "Cayman Proceeding") as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that the Petitioners have also filed, among other things, (i) a Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and (ii) the Memorandum of Law in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding (together, the "Supporting Documents").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order Limiting Notice, Scheduling Hearing and Specifying the Form and Manner of Service of Notice, dated _____ the Bankruptcy Court has scheduled a hearing (the "Hearing") for _____, or as soon thereafter as counsel may be heard, before the Honorable _____ in Courtroom ___ of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 to consider the Petition and the relief requested and any responses or objections thereto

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to submit a answer, objection or response, if any, to the Petitions must do so pursuant to the Bankruptcy Code and the Local and Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1012, in writing describing the basis therefore and filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a CD-ROM, preferably in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format, with a hard copy to the Chambers of the Honorable _____, United States Bankruptcy Judge, and

served upon Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attention: Andrew Rosenblatt and Francisco Vazquez) as counsel for the Petitioners so as to be received on or before 4:00 p.m. (EST) on _____, 2018.

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest opposed to the Petition or the Petitioners' request for relief must appear at the Hearing at the time and place set forth above;

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Bankruptcy Court may grant the recognition and relief requested by the Petitioners without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that at the Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without further notice other than an announcement in open court at the Recognition Hearing of the adjourned date or dates or any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition and the Supporting Documents will be made available upon request at the office of the Petitioners' United States Counsel at the address below.

Dated:  New York, New York
        September __, 2018

                              **NORTON ROSE FULBRIGHT US LLP**


                              By: _____
                                    Andrew Rosenblatt
                                    Francisco Vazquez
                                    1301 Avenue of the Americas
                                    New York, New York 10019
                                    (212) 408-5100

                                    *Counsel for the Petitioners*