**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                        :
                                                             :        **Chapter 15**
**MADISON ASSET LLC,**                                       :
                                                             :        **Case No. 18-12814 (MEW)**
**Debtor in a Foreign Proceeding.**                          :
----------------------------------------------------------------x

## ORDER GRANTING RECOGNITION OF A FOREIGN MAIN PROCEEDING

This matter came before the Court upon the verified petition of Martin Nicholas John Trott and Christopher James Smith, in their capacity as the Joint Official Liquidators (the "Petitioners") of Madison Asset LLC (in Official Liquidation) (the "Company") and as duly authorized foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned case, for the entry of an order granting recognition of a foreign main proceeding (the "Verified Petition") [D.I. 2].[1] The Court has reviewed and considered, among other things: (i) the Verified Petition; (ii) the declaration of Marc Kish, Cayman Islands legal counsel to the Petitioners [D.I. 6]; and (iii) the Memorandum of Law in Support of the Verified Petition [D.I. 5]. No objections were filed, and no parties appeared in opposition to the requested relief at a hearing held on October 16, 2018. Based on the foregoing, the Court finds and concludes as follows:

1.    The Petitioners have demonstrated that:

(a)    the Company is subject to a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code;

(b)    the Company is subject to a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

(c)    the Company is eligible to be a debtor under section 109(a) of the Bankruptcy Code;

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition.

(d)     the Petitioners, as the Joint Official Liquidators of the Company, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code;

(e)     the above-captioned Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code;

(f)     venue is proper in this district pursuant to 28 U.S.C. § 1410; and

(g)     the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Cayman Proceeding is hereby granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

2.      The Petitioners and the Company are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code with respect to the Company and property of the Company that is within the territorial jurisdiction of United States.

3.      The administration or realization of the Company's assets within the territorial jurisdiction of the United States is entrusted to the Petitioners pursuant to section 1521(a)(5) of the Bankruptcy Code.

4.      The Petitioners' separate motion seeking relief under section 1521(a)(4) of the Bankruptcy Code and under Rule 2004 of the Federal Rules of Bankruptcy Procedure is addressed in a separate order being entered this same day.

5.      The Petitioners' request for other relief under section 1521(a)(1), (2) and (3) of the Bankruptcy Code is denied, without prejudice to renewal upon a showing of a reason need for additional relief beyond the relief that is already granted by section 1520(a) of the Bankruptcy Code.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court.

8.      This Order shall be served by United States mail, first class postage prepaid, on or before October 19, 2018, upon the known parties-in-interest in the United States at the time of such service.  Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated:  New York, New York
        October 16, 2018

                            **s/Michael E. Wiles**
                            Honorable Michael E. Wiles
                            United States Bankruptcy Judge